## The People of the State of Illinois, Defendant in Error, v. Kenneth W. Clark, Plaintiff in Error.

### Gen. No. 8,211.

Opinion filed July 2, 1928.

A. W. SCHIMMEL, for plaintiff in error; L. T. GRAHAM, of counsel.

EDWIN JOHNSTON, State's Attorney, for defendant in error.

Mr. Justice Eldredge delivered the opinion of the court.

The plaintiff in error was indicted for unlawfully having in his possession a certain still designed for the unlawful manufacture of intoxicating liquor without having a permit from the Attorney General so to do. He was tried before a jury which found him guilty, whereupon he was sentenced to confinement in the county jail of Pike county for a term of six months and to pay a fine of $200, and costs of suit. The evidence shows that the alleged still in question was a copper tank which was found on the truck of the plaintiff in error in a garage in the village of Newburg in Pike county. The evidence shows conclusively that the tank in question was not a still as none of the apparatus or adjustment necessary to make it a still were attached thereto. It could not be used in the condition in which it was for the distillation of alcoholic beverages or for the manufacture of intoxicating liquor. It probably could have been made into a still by attaching thereto the necessary coils and other apparatus, but the undisputed fact is that in the condition in which it was found it was not a still for the purpose of manufacturing intoxicating liquors within the meaning of the statute. Plaintiff in error testified that he was a farmer and raised cattle and hogs and had used this tank for cooking stock feed for the same and did not have it for the purpose of manufacturing intoxicating liquor. The evidence shows that almost any copper vessel might be manufactured into a still by attaching to it the proper apparatus and that such a still might even be constructed out of a common wash boiler. It cannot be a crime to have in one's possession a vessel or instrument, which, in fact, is not a still, even though by alterations or additions thereto it might be made into one.

The judgment of the circuit court is reversed.

*Reversed.*